SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

**13391 BROADWAY LLC**
617 Main Street, Suite 350,
Buffalo, New York 14203,

**BETTER BUFFALO PROPERTIES LLC**
617 Main Street, Suite 350
Buffalo, New York 14203,

    Plaintiffs,

  v.

**VILLAGE OF ALDEN**
13336 Broadway Street
Alden, New York 14004,

    Defendants.

**SUMMONS**

Index No. 806914/2019

---

TO THE ABOVE NAMED DEFENDANT:

  YOU ARE HEREBY SUMMONED to appear in this action and to serve a copy of your answers upon the attorneys for plaintiffs within twenty (20) days after service of this summons, exclusive of this day of service, or within thirty (30) days after service is complete if the summons is not personally delivered to you within the State of New York. In case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in plaintiffs' complaint.

  Plaintiffs designate Erie County as the place of trial. Pursuant to CPLR 504, the bases for venue are: (1) that plaintiffs and defendant maintain their respective principal places of business in Erie County; and (2) that a substantial part of the events or omissions giving rise to the plaintiffs' causes of action occurred in Erie County.

DATED: Buffalo, New York
June 6, 2019

                                                PHILLIPS LYTLE LLP

                                                By _____
                                                   John G. Schmidt
                                                   Joanna J. Chen
                                                   *Attorneys for Plaintiffs*
                                                   One Canalside
                                                   125 Main Street
                                                   Buffalo, New York 14203-2887
                                                   Telephone No.: (716) 847-8400

Doc #01-3676148.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

13391 BROADWAY LLC, BETTER BUFFALO PROPERTIES LLC,

        Plaintiffs,

v.

VILLAGE OF ALDEN,

        Defendant.

---

**COMPLAINT**

Index No. 806914/2019

Better Buffalo Properties LLC ("Better Buffalo") and 13391 Broadway LLC ("13391 Broadway") and (collectively "Better Buffalo"), by their attorneys Phillips Lytle LLP, respectfully allege as follows:

## NATURE OF THIS ACTION

1. This action arises from the wrongful actions and interference of the Village of Alden's ("Village") with Better Buffalo's attempts to sell real property and a manufactured home park at 13391 and 13397 Broadway Street, Alden, New York 14004 (SBL Numbers 142001 119.08-2-3.1 and 142001 119.08-2-3.2), commonly known as "Alden Landings."

2. As a result of the Village's misconduct, Better Buffalo was forced to sell Alden Landings at a substantially reduced price, and suffered damages of not less than $750,000.

## PARTIES, JURISDICTION, AND VENUE

3. 13391 Broadway is a limited liability company organized under the laws of the State of New York, with its principal place of business at 617 Main Street, Suite 350, Buffalo, New York 14203.

4. Better Buffalo is a limited liability company organized under the laws of the State of New York, with its principal place of business at 617 Main Street, Suite 350, Buffalo, New York 14203.

5. The Village is a municipal corporation in Erie County, New York, with its principal office at 13336 Broadway Street, Alden, New York 14004.

6. Alden Landings is located approximately one-tenth of a mile away from the Village Hall for the Village.

7. A timely notice of claim under General Municipal Law § 50-e, CPLR 311(a)(6), and the Uniform Notice of Claim Act was served on the Village January 29, 2019.

8. At least 40 days have elapsed since service of the notice of claim.

9. Jurisdiction is proper in this Court, because Better Buffalo seeks to recover money damages for, among other things, the Village's tortious interference with Better Buffalo's attempts to sell Alden Landings, and violation of Better Buffalo's rights under the 14th Amendment of the United States Constitution, Article I, Section 6 of the New York State Constitution, and 42 U.S.C. § 1983.

10. Venue is proper in Erie County under CPLR 504.

## FACTUAL BACKGROUND

### A. The Village issued licenses to the prior owner of Alden Landings notwithstanding drainage issues

11. The Town of Alden Code § 235-6 states "[i]t shall be unlawful for any person to develop or operate a manufactured home park within the limits of the Town of Alden unless he holds a valid license to operate a manufactured home park . . . ."

12. The Village Code § 131-9 also states "[i]t shall be unlawful to construct or operate a mobile home park without first securing a license, and thereafter annually renewing same, from the Village Board and complying with the considerations and standards of this chapter."

13. To receive a license from the Village, an applicant must gain approval from the Village code enforcement officer, superintendent of public works, engineer, Erie County Department of Health, and the Village board of trustees. Village Code § 131-9(B).

14. Inspections are conducted prior to the issuance of a mobile home park license to determine that all requirements under Village Code Chapter 131 have been met. Village Code § 131-12(A).

15. Prior to 2015, the Village issued mobile home park licenses to the then-owners of Alden Landings, even though code enforcement officer Joe Czechowski and superintendent of department of public works Keith Sitzman identified a number of "potential issues for consideration" regarding Alden Landings to the Village board of trustees.

16. In a June 26, 2013 memorandum, Mr. Czechowski and Mr. Sitzman identified "potential issues" regarding Alden Landings, including drainage issues and the

- 3 -

condition of paving. Notwithstanding these issues, the Village granted the then-owner of Alden Landings a mobile home park license in 2013.

17. In correspondence dated July 24, 2014 to the then-owners of Alden Landings, Mr. Czechowski noted that "the drainage along the park streets are still inadequate to direct the runoff to the newly-installed holding ponds at the front and rear of the property. **While the Village Board is making no specific [sic] to address these issues during the current renewal evaluation**, you are hereby notified that the street grading and drainage will be further evaluated during the next review cycle." (Emphasis added).

18. The Village granted the then-owner of Alden Landings a mobile home park license in 2014.

### B. The Village becomes hostile towards Better Buffalo because it decides not to redevelop Alden Landings

19. Better Buffalo's purchased Alden Landings in May 2015 as part of a portfolio of properties.

20. Better Buffalo purchased Alden Landings at its appraised value of $945,000.

21. The Village issued a mobile home park license to Better Buffalo on September 1, 2015.

22. At all relevant times, there were no significant drainage issues at Alden Landings. Areas of standing water would form only on the few occasions when significant rainfall occurred. Any standing water was generally no deeper than an inch, and would dissipate within days.

23. Notwithstanding the foregoing, on August 25, 2016, the Village modified the mobile home park license for Alden Landings, demanding "that a detailed

plan to fully address [drainage] issues be submitted by September 30, 2016, with a completion date for all of the necessary work to be before December 31, 2016."

24. The Village then issued a mobile home park license to Better Buffalo on September 1, 2016, subject to the modification.

25. In an attempt to reach a resolution with the Village, Better Buffalo met with the Village Mayor Michael Manicki, Mr. Czechowski, and Mr. Sitzman on or about September 26, 2016, to discuss the future of Alden Landings.

26. During this meeting, Better Buffalo stated that in addition to exploring options regarding drainage, Better Buffalo was considering the potential redevelopment of Alden Landings.

27. The Village officials made it clear that they preferred redevelopment over the mobile home park.

28. Thereafter, Better Buffalo began a feasibility analysis of the potential redevelopment of Alden Landings.

29. The Village continued to pressure Better Buffalo by modifying the mobile home park license for Alden Landings again to impose the condition that Better Buffalo submit "a detailed plan to fully address these [roadways/drainage] issues . . . by March 31, 2017, with a completion date for all of the necessary work to be before May 31, 2017."

30. In January 2017, after conducting their study, Better Buffalo advised the Village that redevelopment of Alden Landings was not feasible, and that Better Buffalo would continue to explore options to ameliorate drainage at Alden Landings.

31. Village officials made clear to Better Buffalo that they were unhappy with this response.

32. The Village repeatedly stated that Better Buffalo had promised to redevelop Alden Landings, even though no such promise had ever been made.

33. The Village threatened to "shut down" Alden Landings if Better Buffalo would not redevelop the property.

34. The Village also took steps to intentionally interfere with Better Buffalo's attempts to sell Alden Landings at market value.

C. **The Village wrongfully and intentionally interfered with Better Buffalo's attempts to sell Alden Landings**

35. In 2017, Better Buffalo began to market Alden Landings to third parties.

36. During the relevant time period, the Village was fully aware of Better Buffalo's intent to sell the property.

37. The Village intentionally and repeatedly wrongfully interfered with Better Buffalo's attempts to sell Alden Landings for the purpose of inflicting harm upon Better Buffalo.

38. For instance, on or about January 31, 2017, 13391 Broadway entered into a sales contract with a purchaser who agreed to pay a below-market price of $780,000 for Alden Landings. Pursuant to the sales contract, the purchaser had the ability to conduct due diligence for forty-five days.

39. The purchaser canceled the contract after contacting the Village.

40. The Village tortiously interfered with the contract by stating to the purchaser that the Village would not issue a mobile home park license for Alden Landings

-6-

because of the alleged drainage issue at Alden Landings, which was in fact not an issue and not a reasonable basis for withholding the license.

41. The Village's statements to the purchaser that it would not issue a mobile home park license for Alden Landings were arbitrary, unreasonable, and based upon an intent to inflict harm on Better Buffalo.

42. On or about May 30, 2017, 13391 Broadway entered into a second sales contract with another purchaser who agreed to pay the below-market price of $780,000 for Alden Landings. Like the first sales contract, the purchaser had a 45-day due diligence period and could cancel the contract if the purchaser determined that the property was unsatisfactory.

43. The second purchaser canceled the contract after contacting the Village.

44. The Village tortiously interfered with the second contract by stating to the purchaser that the Village would not issue a mobile home park license for Alden Landings because of the alleged drainage issue at Alden Landings, which was in fact not an issue and not a reasonable basis for withholding the license.

45. The Village's statements to the second purchaser that it would not issue a mobile home park license were arbitrary, unreasonable, and based upon an intent to inflict harm on Better Buffalo.

**D.   The Village revokes Better Buffalo's license for failure to meet an impossible requirement**

46. On September 7, 2017, the Village held a special meeting to discuss the mobile home park license for Alden Landings. According to the approved board minutes, "[t]he main issues to be addressed are the drainage issues and condition of the park streets."

47. The Village conditionally approved the mobile home park license for Alden Landings for the period of September 1, 2017 through November 9, 2017, upon the condition that Better Buffalo complete a Drainage Improvement Plan by October 31, 2017.

48. The Drainage Improvement Plan was developed by Mike Metzger, the engineer for the Town of Alden.

49. The Drainage Improvement Plan required that Better Buffalo run a pipe underneath Broadway Street for several hundred feet and obtain an easement from an adjacent property owner to run a pipe or ditch across the property to an existing storm sewer.

50. After numerous attempts and prolonged negotiation, Better Buffalo was unable to obtain an easement from either of the properties neighboring Alden Landings.

51. Better Buffalo informed the Village that it could not carry out the Drainage Improvement Plan because it could not obtain the necessary easement.

52. Throughout this time, Better Buffalo continued to perform work at Alden Landings to improve drainage.

53. Nonetheless, the Village revoked the mobile home park license for Alden Landings and then issued a criminal information against Better Buffalo on December 4, 2017, citing Better Buffalo for operating a mobile home park without a valid license.

E. **The Village revised its Code to target Alden Landings**

54. Not content with the foregoing, on October 25, 2018, the Village, amended the Village Code Chapter 131 regarding mobile homes.

55. Among other things, the amendment to Village Code § 131-6(O) states that "'[e]ach mobile home lot, including but not limited to, appurtent [sic] structures,

- 8 -

driveways and roadways, shall be suitably graded and maintained to provide adequate drainage."

56. Village Code § 131-10(B) was also amended to state "The [mobile home] park shall not be subject to hazards such as objectionable smoke, noxious odors, unusual noises, improper or inadequate drainage, or flooding."

57. The Village Code Chapter 131 lacks any definition of "drainage."

58. The Village Code Chapter 131 lacks any standard for determining whether a mobile home park has "improper or inadequate drainage" or whether a mobile home park is "suitably graded and maintained to provide adequate drainage."

59. The Village Code Chapter 131 lacks any process for challenging any determination that a mobile home park has "improper or inadequate drainage" or is "suitably graded and maintained to provide adequate drainage."

60. There are only two mobile home parks in the Village, one of which is Alden Landings.

61. Upon information and belief, the Village has not imposed drainage conditions upon the license for any other mobile home park in the Village besides Alden Landings.

62. The Village also added Village Code § 131-12 which states

In the event that a mobile home park license and any extension thereof expires and no further extension or license has been approved by the Board of Trustees, the premises affected shall forthwith cease to be used for the purpose of a mobile home park and all mobile homes shall be removed therefrom within a period of time as indicated by the Board of Trustees, but not less than twenty (20) calendar days, at the sole expense of the mobile home park owner.

63. This amendment is particularly unreasonable because it evicts all tenants in less than 20 days, terminates the owner's ability to maintain its business, and confiscates all mobile homes therein.

### F. Better Buffalo sells Alden Landings at a significantly reduced price

64. On or about November 1, 2018, Better Buffalo was finally able to eventually close on a sale of Alden Landings with a purchaser that agreed to pay $425,000 for the property.

65. After the sale of Alden Landings, the Village approved a mobile home park license for Alden Landings for January 10, 2019, through August 31, 2019, notwithstanding the continued presence of the same alleged drainage issues that existed on the property during Better Buffalo's ownership period.

### FIRST CAUSE OF ACTION

66. Better Buffalo repeats paragraphs 1 through 65.

67. Better Buffalo purchased Alden Landings in 2015 at its appraised value of $945,000.

68. The Village became hostile towards Better Buffalo after Better Buffalo decided not to redevelop Alden Landings.

69. The Village engaged in a series of actions intended to harm Better Buffalo, including without limitation withholding the mobile home park license for Alden Landings on the basis of a fictitious drainage issue, threatening purchasers of Alden Landings with revocation of the mobile home park license, requiring Better Buffalo to complete the Metzger Drainage Improvement Plan even though the Village knew the plan

to be unfeasible, and revising the Village Code to impose unreasonable and arbitrary requirements upon obtaining and maintaining a mobile home park license.

70. But for the Village's interference, Better Buffalo would have been able to sell Alden Landings at market value.

71. The appraised value of Alden Landings and its market value prior to the Village's interference was $945,000.

72. As a result of the Village's tortious interference, the market value of Alden Landings was impaired, and Better Buffalo was forced to market Alden Landings at the reduced price of $780,000.

73. Better Buffalo entered into sales contracts with at least two purchasers for Alden Landings at the purchase price of $780,000.

74. The Village knew that Better Buffalo was seeking to sell Alden Landings and about the existence of the sales contracts.

75. The Village intentionally and wrongfully told the purchasers that it would withhold a mobile home park license, or renewal thereof, knowing that the purchasers would cancel the sales contracts if they were unable to obtain a license.

76. But for the Village's tortious interference, Better Buffalo would have sold Alden Landings at the reduced price of $780,000.

77. Better Buffalo further reduced the sale price of Alden Landings because the Village's intentional and wrongful interference had further reduced the market value of Alden Landings.

78. Eventually, Better Buffalo was forced to sell Alden Landings at the further reduced price of $425,000, which was less than half of the appraised value of Alden Landings and less than half of the amount Better Buffalo paid.

79. As a result of the Village's tortious interference, Better Buffalo was forced to sell Alden Landings at a significantly reduced price, and suffered damages of not less than $750,000, plus attorneys' fees, costs, disbursements, and other incidental and consequential damages, plus interest.

## SECOND CAUSE OF ACTION

80. Better Buffalo repeats paragraphs 1 through 79.

81. The Village Code Chapter 131 fails to provide reasonable notice of the requirements for obtaining or renewing a mobile home park license.

82. The Village Code Chapter 131 fails to provide an opportunity or adequate process to challenge conditions imposed upon the issuance or renewal of a mobile home park license.

83. The Village Code Chapter 131 fails to provide any clear remedy for the imposition of an erroneous or unlawful condition upon the issuance or renewal of a mobile home park license.

84. The Village's failure to provide such a procedure violates Better Buffalo's procedural due process rights under the 14th Amendment of the United States Constitution and Article I, Section 6 of the New York State Constitution.

85. Better Buffalo is entitled to a judgment declaring the Village Code Chapter 131 void and invalid because it is unconstitutional under the 14th Amendment of the United States Constitution and Article I, Section 6 of the New York State Constitution.

86. Better Buffalo is also entitled to compensatory and consequential damages, of not less than $750,000, plus attorneys' fees, costs, disbursements, and other incidental and consequential damages, plus interest.

### THIRD CAUSE OF ACTION

87. Better Buffalo repeats paragraphs 1 through 86.

88. The Village Code Chapter 131 is unconstitutional under the 14th Amendment of the United States Constitution and Article I, Section 6 of the New York State Constitution.

89. Despite the unconstitutionality of Village Code Chapter 131, the Village enforced and attempted to enforce Village Code Chapter 131 against Better Buffalo through, *inter alia*, the imposition of impossible conditions upon the mobile home park license for Alden Landings, the refusal to issue a mobile home park license for Alden Landings, and the issuance of compliance orders and an information for the offense of operating a mobile home park without a valid license.

90. The Village threatened Better Buffalo with significant penalties if Better Buffalo did not comply with the unreasonable, arbitrary, and capricious conditions imposed by the Village upon the issuance and/or renewal of the mobile home park license for Alden Landings.

91. The Village's threats forced Better Buffalo to incur significant costs under duress to comply with the Village's unreasonable, arbitrary, and capricious licensing conditions.

92. The Village acted under color of law.

93. The Village's enforcement of the Village Code Chapter 131 violates Better Buffalo's right to procedural due process under the 14th Amendment of the United States Constitution by failing to provide any clear remedy for imposition of an erroneous or unlawful condition upon the issuance and/or renewal of a license for Alden Landings.

94. As a result, the Village violated the Civil Rights Act, 42 U.S.C. § 1983.

95. Better Buffalo is entitled to a judgment declaring Village Code Chapter 131 void and invalid because it is in violation of Better Buffalo's rights under the United States Constitution and the Civil Rights Act, 42 U.S.C. § 1983.

96. Better Buffalo is also entitled to recover all damages, reasonable attorneys' fees, costs, and expenses, plus pre- and post-judgment interest, under law, including those pursuant to Civil Rights Act, 42 U.S.C. § 1988.

WHEREFORE, Better Buffalo demands Judgment as follows:

A. On Better Buffalo's First Cause of Action, against the Village for not less than $750,000, plus damages of not less than $750,000, plus attorneys' fees, costs, disbursements, other incidental and consequential damages, and pre- and post-judgment interest;

B. On Better Buffalo's Second Cause of Action, declaring Village Code Chapter 131 unconstitutional and in violation of the 14th Amendment of the United States Constitution and Article I, Section 6 of the New York State Constitution, plus damages of not less than $750,000, plus attorneys' fees, costs, disbursements, other incidental and consequential damages, and pre- and post-judgment interest;

C. On Better Buffalo's Third Cause of Action, declaring Village Code Chapter 131 void and invalid because it is in violation of Better Buffalo's rights under the

United States Constitution and the Civil Rights Act, 42 U.S.C. § 1983, plus damages of not less than $750,000, plus reasonable attorneys' fees, costs, expenses, and pre- and post-judgment interest, and damages pursuant to Civil Rights Act, 42 U.S.C. § 1988; and

    D.    Such other and further relief as this Court deems just and proper.

DATED:    Buffalo, New York
               June 6, 2019

PHILLIPS LYTLE LLP

By /s/ 
John G. Schmidt Jr.
Joanna J. Chen
*Attorneys for Better Buffalo*
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400

Doc #01-3665112